# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BAILEY'S WELDING & MACHINE, LLC, | ) ) ) |
| Plaintiff, | ) ) ) |
| -vs- | ) ) Case No. CIV-19-1126-F |
| DEL CORPORATION, a foreign corporation, d/b/a DEL TANK and FILTRATIONS SYSTEMS, and CHEMJECT INTERNATIONAL, INC., a foreign corporation, | ) ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER

The court has a duty to inquire into its own jurisdiction. <u>Tuck v. United Services Automobile Association</u>, 859 F.2d 842 (10th Cir. 1988).

Although not alleged in the complaint, it appears that the court's subject matter jurisdiction is based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. The court, however, concludes that the jurisdictional allegations are insufficient to establish diversity jurisdiction.

The complaint alleges that plaintiff is an "Oklahoma limited liability company with its principal place of business in the State of Oklahoma." Doc. no. 1, ¶ 1. The citizenship of a limited liability company is determined by the citizenship of all its members. <u>See</u>, <u>Spring Creek Exploration & Production Company, LLC v. Hess</u>

Bakken Investment, II, LLC, 887 F.3d 1003, 1014 (10th Cir. 2018). The complaint fails to identify all of plaintiff's members and their state or states of citizenship.[1]

The complaint alleges that defendant, Del Corporation, is "corporate resident and citizen of the State of Louisiana . . . which does business in the State of Oklahoma" and that defendant, Chemject International, Inc., "is a corporate resident and citizen of the State of Texas which does business in the State of Oklahoma." Doc. no. 1, ¶¶ 2-3. For purposes of diversity jurisdiction, a corporation is a "citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The complaint fails to specifically identify the state by which each defendant has been incorporated and the state where each defendant has its principal place of business. Spring Creek Exploration & Production Company, LLC, 887 F.3d at 1014 ("The party seeking the exercise of jurisdiction in [its] favor must allege in [its] pleading the facts essential to show jurisdiction.") (quotations omitted).

Accordingly, plaintiff is **DIRECTED** to file an amended complaint **no later than December 13, 2019**, which provides the missing jurisdictional information

---

[1] If a member of plaintiff is an individual, plaintiff must identify the individual's state of citizenship as opposed to the individual's state of residence. Residence is not the equivalent of citizenship. State Farm Mut. Auto. Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994); Walden v. Broce Const. Co., 357 F.2d 242, 245 (10th Cir. 1966). For any number of reasons, an individual can "reside" in one place but be domiciled in another place. For adults, domicile is established by physical presence in a place, coupled with an intent to remain there. Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989). A natural person is a citizen of the state in which he or she is domiciled. Crowley v. Glaze, 710 F.2d 676, 678 (10th Cir. 1983). If a member of plaintiff is a business entity, then plaintiff must provide the appropriate jurisdictional information pertaining to that business entity. *See generally*, 15 James WM. Moore, Moore's Federal Practice, §§ 102.50-102.57 (3d ed. 2019).

relating to plaintiff and defendants. Failure to comply may result in the dismissal without prejudice of this action.[2]

IT IS SO ORDERED this 4th day of December, 2019.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

19-01126p001.docx

---

[2] Lest it be thought that this requirement exalts formalities a bit too much, the court will note that it is not unusual for the Tenth Circuit, after a case has run its course in the district court, to remand the case because the jurisdictional allegations made at the very outset of the case were deficient – a turn of events that can and should be avoided so that the parties may litigate on the merits without having to worry about losing the benefit of a judgment in the final stage of litigation.