# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BAILEY'S WELDING & MACHINE, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| -vs- | ) ) | Case No. CIV-19-1126-F |
| DEL CORPORATION, a foreign corporation, d/b/a DEL TANK AND FILTRATION SYSTEMS, and CHEMJECT INTERNATIONAL, INC., a foreign corporation, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Before the court is Plaintiff's Motion to Dismiss for Failure to State a Claim, filed on May 12, 2020. Doc. no. 32. Defendant, Chemject International, Inc., has responded to the motion and plaintiff has replied. Upon due consideration of the parties' submissions, the court makes its determination.

I.

Plaintiff seeks dismissal, pursuant to Rule 12(b)(6), Fed. R. Civ. P., of Count II of the Counterclaim of defendant, Chemject International, Inc. In Count II, defendant alleges that plaintiff violated the Oklahoma Consumer Protection Act ("OCPA"), 15 O.S. 2011 § 751, *et seq.*, by committing unfair and deceptive trade practices relating to the manufacture and delivery of six frac tanks mounted on skids. Plaintiff argues that Count II fails to state a claim upon which relief may be granted.

In deciding whether dismissal under Rule 12(b)(6) is appropriate, the court accepts "as true all well-pleaded factual allegations in the [counterclaim] and view[s] them in the light most favorable to the [non-moving party.]" S.E.C. v. Shields, 744 F.3d 633, 640 (10th Cir. 2014) (quotations omitted). To survive dismissal, the counterclaim must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. (quotations omitted). "A [counterclaim] has facial plausibility when the [defendant] pleads factual content that allows the court to draw the reasonable inference that the [plaintiff] is liable for the misconduct alleged." Id. (quotations omitted).

Relying upon Lumber 2, Inc. v. Illinois Tool Works, Inc., 261 P.3d 1143 (Okla. 2011), plaintiff contends that the defendant is not a "consumer" for purposes of the OCPA. Plaintiff asserts that defendant did not purchase the frac tanks for its own use, but rather for the use of nonparty, Schlumberger Technology Corporation, in a mud plant, which defendant had contracted to build for the company. Plaintiff contends that Schlumberger Technology Corporation is the ultimate consumer of the frac tanks.

Defendant responds that unlike the plaintiff in Lumber 2, it was not acting as a supplier or reseller of the frac tanks, rather, it was acting as a turn-key contractor that bought component parts, including the frac tanks, of a mud-plant, with the business-oriented purpose of constructing and assembling that mud-plant with those parts. According to defendant, the frac tanks were for use by defendant in its building of the mud plant. Therefore, defendant contends that it falls within the definition of "consumer" under the OCPA as defined by the Oklahoma Supreme Court in Lumber 2.

Plaintiff replies that defendant alleges in its counterclaim that it had a contract with Schlumberger Technology Corporation to build a mud plant and that a

reasonable inference from that allegation is that defendant sold that mud plant to the company.  The sale of that mud plant, according to plaintiff, involved the component parts, including the frac tanks.  Plaintiff asserts that the frac tanks were manufactured by plaintiff for defendant in order to be resold by defendant to Schlumberger Technology Corporation for the company's use.  Consequently, plaintiff contends that defendant is a reseller of the frac tanks and does not qualify as a "consumer" under the OCPA.

II.

To prevail on a claim under the OCPA, defendant must establish four elements: (1) plaintiff engaged in an unlawful practice as defined at 15 O.S. 2011 § 753; (2) the challenged practice occurred in the course of plaintiff's business; (3) defendant, as a consumer, suffered an injury in fact; and (4) the challenged practice caused defendant's injury.  Patterson v. Beall, 19 P.3d 839, 846 (Okla. 2000).  Under the OCPA, an unlawful practice includes the commission of an unfair or deceptive trade practice.  15 O.S. § 753(20).

"The OCPA does not define the term 'consumer.'"  Lumber 2, 261 P.3d at 1145.  The Oklahoma Supreme Court has defined the term as "one who consumes or uses economic goods."  Id. at 1149.  A corporate entity is a "consumer" within the meaning of the OCPA where it purchases goods for "use in its own business, [and] not to resell to its customers."  Id.

Viewing the allegations of the OCPA counterclaim in defendant's favor, the court finds that dismissal under Rule 12(b)(6) is not appropriate.  The court cannot conclude, as a matter of law, based on the facts alleged, that defendant is a reseller of the frac tanks.  The court finds that defendant has alleged a plausible OCPA claim.  It may ultimately be too much of a stretch to call defendant a consumer under the OCPA, but the court is not prepared to make that determination on the basis of the

3

pleadings.  Plaintiff may challenge the claim on summary judgment, on the basis of a fully developed record.

## III.

Accordingly, Plaintiff's Motion to Dismiss for Failure to State a Claim, filed on May 12, 2020 (doc. no. 32), is **DENIED**.

IT IS SO ORDERED this 8th day of June, 2020.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

19-1126p007.docx